IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELI FLORES,<br>*Plaintiff,*<br>vs.<br>MCNAY ART MUSEUM,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | SA-26-CV-03797-JKP-KGS |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the status of the above-captioned case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and review under 28 U.S.C. § 1915(e).[1] The undersigned granted Plaintiff's IFP application and ordered Plaintiff to file a More Definite Statement, which Plaintiff timely did. ECF Nos. 5, 9. Plaintiff also filed a Motiont to Appoint Counsel. ECF No. 3. The undersigned has authority under the Court's Standing Order governing cases involving applications to proceed IFP to evaluate the pleadings and dispose of the motion to appoint counsel under 28 U.S.C. § 636(b)(1)(A) and (B).

[1] The division-wide standing order is available on the Western District of Texas website, at https://perma.cc/RCD4-NSNV.

For the reasons that follow, the undersigned recommends the District Court dismiss this case for failure to state a claim upon which relief may be granted. The undersigned further denies Plaintiff's Motion to Appoint Counsel. ECF No. 3. The undersigned finally recommends the District Court dismiss Plaintiff's related Case No. 5:26-cv-04257-JKP-KGS for the same reasons the undersigned recommends dismissal of the instant case.

## I. The undersigned recommends dismissing Plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915(e).

In IFP cases like this one, § 1915 requires the Court to "dismiss the case at any time" if the Court determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim upon which relief may be granted, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In screening IFP complaints under § 1915(e)(2)(B)(ii), the Court "accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff." *Mackey v. Helfrich*, 442 F. App'x 948, 949 (5th Cir. 2011). Although

*pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include the requirement that a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In this case, Plaintiff filed an application to proceed IFP and a complaint against his former employer, the McNay Art Museum, for employment discrimination. ECF Nos. 1, 1-1, 6. In his complaint, Plaintiff purports to present five causes of action against the McNay: Title VII Discrimination (count 1); Hostile Work Environment (count 2); Retaliation (count 3); Failure to Promote (count 4); and under the Americans with Disabilities Act (count 5). Pl.'s Compl., ECF No. 6. None of these causes of action may proceed as currently pleaded and Plaintiff's More Definite Statement (ECF No. 9) does not cure the Complaint's deficiencies.

**A. Plaintiff fails to state a claim for Title VII discrimination.**

To allege an employment discrimination claim under Title VII, plaintiffs must show they (1) belong to a protected class; (2) were qualified for the position; (3) experienced an adverse employment action; and (4) were "similarly situated" to other employees who were not members of their

protected class and who were treated more favorably. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). The Fifth Circuit has defined "similarly situated" narrowly, requiring the employees' situations to be "nearly identical." *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005) (quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)).

Plaintiff, a Hispanic/Latino, multiracial male and member of the LGBTQ community, alleges he was discriminated against on the basis of race, ethnicity, sex, gender, and sexual orientation. Pl.'s Complaint at 6. Plaintiff makes no attempt, however, to allege similarly situated employees who were not a members of his protected class(es) were treated more favorably. At this stage of the litigation, Plaintiff need not prove similarly situated employees were treated more favorably. *See Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). To meet his pleading burden, however, Plaintiff must allege facts from which the Court could infer this was the case, which he has not done. Plaintiff therefore fails to state a claim for Title VII workplace discrimination.

**B. Plaintiff fails to state a claim for hostile work environment.**

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)).

However, not all harassment, including "simple teasing, offhand comments, and isolated incidents (unless extremely serious)," will affect a "term, condition, or privilege of employment." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009). To be actionable, the working environment must be objectively hostile or abusive. *Id.* "Whether an environment is hostile or abusive depends on the totality of the circumstances, including factors such as the frequency of the conduct, its severity, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." *Id.*

In this case, Plaintiff vaguely alleges two coworkers "made inappropriate comments concerning protected characteristics, including gender and sexual orientation, refused to cooperate with Plaintiff, failed to perform portions of their assigned work, and left Plaintiff performing additional duties." Pl.'s Statement, ECF No. 9, at 2. Plaintiff fails to provide any examples of the offending comments. Plaintiff alleges no facts demonstrating the "inappropriate comments" were "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

environment." *Stewart*, 586 F.3d at 328. Plaintiff alleges no facts demonstrating the frequency or severity of the conduct, nor does he allege the degree to which it was physically threatening or humiliating or the degree to which it interfered with his work performance. *Alaniz*, 591 F.3d at 771. For these reasons, Plaintiff fails to state a claim for hostile work environment.

**C. Plaintiff fails to state a claim for retaliation.**

To allege a claim for retaliation, a plaintiff must allege facts demonstrating: (1) they engaged in protected activity under Title VII; (2) the employer took adverse employment action against them; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 547 F. App'x 484, 488 (5th Cir. 2013) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346–47 (2013)). An adverse employment action for the purposes of retaliation claims is a "materially adverse action." *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Any employment action that might have "dissuaded a reasonable worker from making or supporting a charge of discrimination" is materially adverse. *Id.*

In this case, Plaintiff alleges management restricted his cell phone use because he was recording conversations and subjected him to "increased monitoring, scrutiny, repeated private meetings, and pressure after making his

complaints." Pl.'s Statement at 3. The caselaw does not support a finding that these actions constitute "materially adverse" actions that would dissuade a reasonable worker from reporting discrimination. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68. The Supreme Court has cautioned courts not to "transform Title VII into a general civility code for the American workplace." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 505 (5th Cir. 2023) (en banc) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). "Title VII accordingly does not permit liability for de minimis workplace trifles." *Id*. Plaintiff's de minimis allegations cannot support a claim for retaliation.

Moreover, although Plaintiff was ultimately terminated, he does not allege the McNay terminated him because he reported discriminatory conduct. On the contrary, he acknowledges he was terminated following an "incident" with a coworker that he does not describe. Pl.'s Statement at 5.

**D. Plaintiff fails to state a claim for failure to promote.**

A plaintiff challenging a failure to promote must allege (1) they were not promoted, (2) they were qualified for the position they sought, (3) they fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of their membership in the

protected class. *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)).

Plaintiff alleges he was denied two supervisory positions for which he applied. Pl.'s Statement at 4. Plaintiff makes no allegations, however, supporting an inference that he was denied these opportunities on account of his membership in a protected class. *Price*, 283 F.3d at 720.

Plaintiff alleges one of the people who he accused of harassing him was promoted after he was terminated. Compl. at 7. Plaintiff does not, however, allege facts from which the Court could infer he was denied promotion because of his membership in a protected class, nor does he allege the person who was promoted after he was terminated was outside his protected class. Plaintiff alleges the McNay told him he was not promoted because he did not qualify for the position, which he disputes, *see* Pl.'s Statement at 4, but he does not provide any facts from which the Court could infer the McNay's stated reason was a pretext for discrimination. Plaintiff therefore fails to state a claim for failure to promote.

**E. Plaintiff fails to state a claim under the ADA.**

To state a claim for employment discrimination under the ADA, a plaintiff must establish they (1) have a disability within the meaning of the ADA; (2) are qualified for the job in question; and (3) suffered an adverse

employment decision because of their disability. *See Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 320 (5th Cir. 2016); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999).

Here, Plaintiff alleges he told McNay staff the workplace conflict adversely affected his mental health, causing stress and anxiety, and he was treated adversely because of this disclosure. Pl.'s Statement at 4. Plaintiff does not allege he had a specific disability within the meaning of the ADA. Nor does he allege any specific adverse action the McNay took because of that disability. Plaintiff therefore fails to state a claim for ADA employment discrimination.

For the foregoing reasons, the undersigned recommends the District Court dismiss Plaintiff's Complaint pursuant to 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Because Plaintiff received notice of the deficiencies in his Complaint and failed to cure the deficiences in his More Definite Statement, the undersigned recommends the District Court dismiss this case with prejudice.

**II. The undersigned denies Plaintiff's Motion to Appoint Counsel.**

The undersigned further denies Plaintiff's Motion to Appoint Counsel. ECF No. 3. This Court has discretion to appoint counsel in a civil case, but civil litigants have no right to the appointment of counsel. *Akasike v. Fitzpatrick*,

26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Under governing law, appointment of counsel in a civil case should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing himself; (3) the plaintiff's ability to adequately investigate and present his case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Plaintiff has not established that exceptional circumstances are present in his case warranting the appointment of counsel. The Court will therefore deny Plaintiff's motion.

## III. The undersigned recommends dismissing Plaintiff's related Case No. 5:26-cv-04257-JKP-KGS.

The undersigned notes Plaintiff filed a related case, styled *Eli Flores v. McNay Art Museum*, Case No. 5:26-cv-04257-JKP-KGS, which is identical to the instant case in all respects except its reference to a different Equal Employment Opportunity Commission (EEOC) charge. Plaintiff apparently filed two EEOC charges, on August 23, 2024 and January 3, 2025, both of which are related to this case. Because the facts contained in the two EEOC charges are addressed in Plaintiff's federal complaint, and Plaintiff's federal complaint contains the same factual allegations in Case No. 5:26-cv-03797-JKP-KGS (the instant case) and Case No. 5:26-cv-04257-JKP-KGS (the related case), the undersigned recommends the District Court dismiss Case No. 5:26-cv-04257-JKP-KGS (the related case) for the same reasons the undersigned recommends dismissing the instant case.

## IV. Conclusion and Recommendation

For the reasons stated, the undersigned **RECOMMENDS** the District Court **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant McNay Art Museum for failure to state a claim pursuant to Section 1915(e).

The undersigned further **DENIES** Plaintiff's Motion to Appoint Counsel. ECF No. 3.

The undersigned finally **RECOMMENDS** that the District Court dismiss Plaintiff's related Case No. 5:26-cv-04257-JKP-KGS.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties.

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections. The district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written

objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 9th day of October, 2026.

**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**